### EX PARTE JOHN BEAL SNEED.

No. 2201.  Decided October 30, 1912.

Dissenting opinion rendered November 9, 1912.

**Habeas Corpus—Bail—Proof not Evident.**

Where the lower court was in error in refusing relator bail, and the proof was not evident, the judgment will be reversed and bail granted. Prendergast, Judge, dissenting.

Appeal from the District Court of Potter.  Tried below before the Hon. James N. Browning.

Appeal from a habeas corpus proceeding denying relator bail on a charge of murder.

The opinion states the case.

*W. F. Ramsey* and *McLean, Scott, McLean & Bradley* and *Madden, Truelove & Kimbrough,* for relator.—Cited section 11, article 1, Bill of Rights; 5 Cyc., 53, note 2; 5 id., 56.

On question that burden of proof is on the State:  Ex parte Newman, 41 S. W. Rep., 628; Ex parte Firmin, 60 Texas Crim. Rep., 222, 131 S. W. Rep., 1113.

On question of evident proof:  Ex parte Foster, 5 Texas Crim. App., 625; Ex parte McAnaly, 53 Ala., 495; Ex parte Smith, 5 S. W. Rep., 99; Ex parte Bridewell, 57 Miss., 39; Ex parte Locklin, 72 S. W. Rep., 585.

Rules of evidence must be liberally applied in habeas corpus:  6 Cyc. of Ev., 350; 21 Cyc., 322.

On question of insulting conduct to female relative:  Lewis v. State, 18 Texas Crim. App., 116.

Not necessary that passion should be sudden:  Orman v. State, 3 S. W. Rep., 472; Eanes v. State, 10 Texas Crim. App., 421.

On question whether predicate is established by showing that killing occurred at first meeting: Jones v. State, 26 S. W. Rep., 1082; Tucker v. State, 50 S. W. Rep., 711.

On question of provocation: Bays v. State, 50 Texas Crim. Rep., 548, 99 S. W. Rep., 561; Young v. State, 54 Texas Crim. Rep., 417, 113 S. W. Rep., 276; Hudson v. State, 66 S. W. Rep., 668.

New insults make admissible former ones: Willis v. State, 75 S. W. Rep., 790; Jones v. State, 26 S. W. Rep., 1082; Martin v. State, 51 S. W. Rep., 912; Reinhardt v. State, 60 Texas Crim. Rep., 662, 133 S. W. Rep., 265.

Where there is conflict of evidence proof not evident: Ex parte Miller, 41 Texas, 213.

Where cause of killing is insult to female relative, the case is bailable: Ex parte Proctor, 99 S. W. Rep., 1010.

Ambush and lying in wait do not render case nonbailable: Ex parte Rankin, 20 S. W. Rep., 202; Ex parte Henson, 5 S. W. Rep., 684.

On question of express malice: Jones v. State, 3 Texas Crim. App., 150; Gaitan v. State, 11 id., 544; McCoy v. State, 25 Texas, 33.

Object of bail: Ex parte Arthur, 47 S. W. Rep., 365.

As to question of first meeting: Pitts v. State, 29 Texas Crim. App., 374; Gilespie v. State, 53 Texas Crim. Rep., 167.

*C. E. Lane,* Assistant Attorney-General, and *Odell & Turner* and *Cooper, Merrill & Lumpkin* and *Henry Bishop,* District Attorney, for the State.—On question of manslaughter: Maria v. State, 28 Texas, 698.

On question of sudden passion; Hinson v. State, 94 Texas, 554; Williams v. State, 15 Texas Crim. App., 617; Wadlington v. State, 19 id., 266; Ex parte Jones, 31 Texas Crim. Rep., 422; Halliburton v. State, 32 Texas Crim. Rep., 51; Mackey v. State, 13 Texas Crim. App., 360.

On question of insulting conduct to female relative: Massie v. State, 30 Texas Crim. App., 64; Breedlove v. State, 26 id., 445.

On question of first meeting: Howard v. State, 23 Texas Crim. App., 265; Winfield v. State, 41 Texas, 148.

HARPER, JUDGE.—Relator was indicted by the grand jury of Potter County, charged with murder. He sued out a writ of habeas corpus before Hon. J. N. Browning, judge of the District Court, praying that he be granted bail. After hearing the evidence the court remanded relator to the custody of the sheriff, from which judgment he prosecutes this appeal.

Able counsel appeared in this court in behalf of the relator and for the State, and have filed briefs evidencing research, study and thought, and to each of which we have given much attention. However, after a careful study of the record, we have arrived at the

conclusion that the court was in error in refusing relator bail, and the judgment is reversed.

Bail is granted in the sum of $20,000.

*Bail granted.*

PRENDERGAST, JUDGE.—I have reached a different conclusion from a careful and thorough study of all the evidence and the briefs. I am of the opinion that the district judge was right in refusing bail and that his judgment should be affirmed. I therefore dissent from the judgment reversing the judgment of the court below and admitting relator to bail. In the event relator is granted bail it 'should in no event be less than $35,000.

### ON REHEARING.

### Nov. 9, 1912.

PRENDERGAST, JUDGE, (dissenting).—It is the practice of this court in habeas corpus cases before final trial not to discuss the evidence. I believe that is the proper practice. I can not write my views in full, nor can my brethren theirs, with any degree of satisfaction without quoting and commenting at length on the evidence. Hence I am constrained to desist from writing my full views in this case.

Yet I think it not improper to say that after a most careful study of this case and the law, that the judge of the lower court was not only justified, but, in my opinion, required by the law to refuse bail. As presented by this record, it is my opinion that the killing was shown to be murder in the first degree and only that, and the proof of that was evident.

That originally and up to about a month before the killing the relator had, without doubt, adequate cause as great as can be well conceived. So that, if the killing had then occurred under the circumstances as prescribed by our manslaughter statute, manslaughter might have been raised, and it might not under such contingency have been improper to grant bail. But in my opinion the record demonstrates that the passion aroused by this adequate cause fully passed out and away before the killing, and the passion of revenge completely took its place. Again, the record demonstrates, in my opinion, that at the time of the killing there was no "meeting," either first or any other, such as is clearly meant and intended by our manslaughter statute, so as to raise the question of the offense of manslaughter.

I, therefore, believe a rehearing should be granted herein and the judgment of the lower court be affirmed, and renew my dissent to the action of the court in reversing this cause and in allowing bail.